# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| ESE NKEM OSUMILI; UWAOMA OSUMILI; ONUWEOMA OSUMILI; ONYEMAKU OSUMILI,<br>   1617 Park Street<br>   Sault STE Marie, MI 49783<br><br>           Plaintiff(s)<br><br>           v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>TED H. KIM, in his official capacity, Associate Director Refugee, Asylum and International Operations Directorate<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>           Defendant(s). | Civil Action No 1:23-cv-1110 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COME NOW ESE NKEM OSUMILI (hereinafter "Plaintiff ESE" or collectively "Plaintiffs"), UWAOMA OSUMILI (hereinafter "Plaintiff UWAOMA" or collectively "Plaintiffs"), ONUWEOMA OSUMILI (hereinafter "Plaintiff ONUWEOMA" or collectively "Plaintiffs"), and OYEMAKU OSUMILI (hereinafter "Plaintiff OYEMAKU" or collectively "Plaintiffs") by and through the undersigned attorney in the above cause and state as follows:

1. Plaintiffs are Nigerian nationals who filed for asylum on or around February 5, 2018. Plaintiff ESE's Form I-589, Application for Asylum and for Withholding of Removal (hereinafter "Application") was properly and completely filed on or around February 5, 2018. Plaintiffs UWAOMA, ONUWEOMA, and OYEMAKU are derivative applicants based on their relationship to Plaintiff ESE as their mother.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ESE's Application within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

3. As of January 29, 2018, USCIS adopted a prioritization system for scheduling affirmative asylum interviews prioritizing the most recently filed affirmative asylum applications, striving to schedule affirmative asylum interviews within 21 days of receipt of those applications.[1] Plaintiff ESE's Application has now been pending, scheduling an affirmative asylum interview, for approximately over five years and two months (over 62 months or 1900 days) which is over 90 times the stated 21-day goal for scheduling asylum applicants for their interviews.

4. Plaintiffs have a clear right to the adjudication of their Application in a timely manner.

---

[1] *See* USCIS Affirmative Asylum Scheduling at: https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling

The scheduling of Plaintiffs' affirmative asylum interview is a ministerial, nondiscretionary task the Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Plaintiff ESE's Form I-589, which has been pending for approximately over five years and two months (over 62 months or 1900 days) with the United States Citizenship and Immigration Services.

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as USCIS Asylum Field Offices are fully operational and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

7. Plaintiff ESE is a residents of Chippewa County, Michigan. Plaintiff ESE properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZHC-1800-016-480) on or around February 5, 2018 with the United States Citizenship and Immigration Service.

8. Plaintiff UWAOMA is a residents of Chippewa County, Michigan. She is the named derivative applicant on her mother's properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZHC-1800-016-480), which was filed on or around February 5, 2018 with the United States Citizenship and Immigration Service.

9. Plaintiff ONUWEOMA is a residents of Chippewa County, Michigan. She is the named derivative applicant on her mother's properly filed Form I-589, Application for Asylum and

Withholding of Removal (Receipt Number: ZHC-1800-016-480), which was filed on or around February 5, 2018 with the United States Citizenship and Immigration Service.

10. Plaintiff OYEMAKU is a residents of Chippewa County, Michigan. She is the named derivative applicant on her mother's properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZHC-1800-016-480), which was filed on or around February 5, 2018 with the United States Citizenship and Immigration Service.

11. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

12. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

13. Defendant TED H. KIM is the Associate Director of Refugee, Asylum and International Operations; he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in her official capacity.

14. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

16. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

17. Plaintiffs have supplied USCIS with sufficient information and evidence establishing their eligibility for asylum in the United States and for the adjudication of Form I-589.

18. There are no other administrative remedies available for Plaintiffs to utilize.

## GENERAL ALLEGATIONS

19. Plaintiff ESE is a citizen of Nigeria who properly filed Form I-589, Application for Asylum with USCIS on or around February 5, 2018 (Receipt Number: ZHC-1800-016-480). As of the date of this filing, Plaintiff ESE's Application remains unadjudicated for approximately over five years and two months (over 62 months or 1900 days)**.**

20. On February 9, 2018, Plaintiff ONUWEOMA received her biometrics notice from USCIS and she was required to appear at the designated USCIS Application Support Center on February 21, 2018, to complete the required biometrics appointment. **[Exhibit A].**

21. On February 10, 2018, Plaintiff ESE, Plaintiff OWAOMA, and Plaintiff OYEMAKU received notification USCIS informing them that USCIS would be able to reuse their previously captures fingerprints and other biometrics. Accordingly, Plaintiff ESE, Plaintiff OWAOMA, and Plaintiff OYEMAKU would not be required to appear at a USCIS Application Support Center. **[Exhibit B].**

22. Since February 10, 2018, USCIS has made no further requests for evidence or information from the Plaintiffs and nor has it scheduled the Plaintiffs for the required interview.

23. Plaintiff ESE's Application has been pending for approximately over five years and two months (over 62 months or 1900 days).

24. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to schedule the required interview to complete the adjudication of Plaintiff ESE's Form I-589, Application.

25. Defendants' delay and inaction is causing irreparable harm to Plaintiffs as they are unable to commence their lives without living in fear of being forced to return to Nigeria, where they will certainly be persecuted, tortured, and/or killed.

26. As a result of Defendants' inaction, Plaintiffs lives are on hold while Plaintiff ESE's Form I-589, Application remains unadjudicated.

## **VIOLATION OF THE APA**

27. All prior paragraphs are re-alleged as if fully stated herein.

28. Plaintiff ESE has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a). Furthermore, Plaintiff ESE has a right to include her three children as derivatives on her Form I-589, Application for Asylum.

29. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

30. The duty owed to Plaintiff ESE is ministerial and so plainly prescribed as to be clear and free from doubt.

31. No other adequate remedy is available to Plaintiff ESE.

32. Defendants have failed in their statutory duty to adjudicate Plaintiff ESE's Application within the statutorily required 180 days.

33. As Plaintiff ESE's Application has been pending for approximately over five years and two months (over 62 months or 1900 days); Defendants have taken over 10 times the maximum statutory period (180 days) they are given to adjudicate asylum applications.

34. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiffs' due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiff ESE's Application.

35. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiffs' Application for a period of approximately over five years and two months (over 62 months or 1900 days) and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ESE's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff ESE's Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff ESE's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: April 20, 2023

Respectfully submitted,

/s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
***Counsel for Plaintiff***